Please, the Court, Counsel, it's kind of unusual to have this many issues on appeal, but I think a lot of them flow from each other. I think one of the key issues in this case is can the Court reform a foreclosure sale after it's been completed that not only reforms the deed of trust to add a description where there were, at least under the facts of this case, there was no evidence that there was any description. And I know counsel might disagree with it, but in the fact this was a summary judgment, I think the Court has to take the facts in best light of the nonmoving party. And in this case, the only person who had any personal evidence was Mrs. Hallas, who testified when she signed the deed of trust. It did not have a property description. Subsequently, the Ameriquist or someone did self-help in their own reformation and wrote an abbreviated description on the front of the deed of trust and attached another description on the back. Both of those descriptions were wrong. They were Lot 9 where Mrs. Hallas had Lot 8. So the question is, let's assume for a moment the Court could even reform that document on the idea that there's a Scribner's error or that there was a mutual mistake, which we claim there were not. Could the Court also then ratify a sale where the whole purpose of the statutory scheme in the Washington State Foreclosure Act is to provide a sale? But there's no dispute here that this whole thing arose from her effort to refinance the property, isn't that correct? That is correct. There's no dispute about that. Well, I mean, I don't think the whole thing, the whole thing rose from that. Well, no. This whole thing arose because she wanted to, she sat out to refinance the property. It was a refinancing of the property. Well, that's how the loan was made, but the problem occurred because the paperwork was done wrong and the foreclosure was done right. Well, which property did they want to refinance? Well, she wanted to refinance the property that she owned. And which property was that? That was the property that was Lot 9. Lot 8. Pardon? She wanted to provide. Excuse me, Lot 8. I'm sorry. You don't get it better than I do. She wanted to refinance Lot 8. There's no dispute about that. That's true. But the mere wanting to refinance something does not create a valid deed of trust. Well, I guess, you know, the problem here is that I just, it just seems so simple. I mean, she intended to refinance the mortgage on her property. There's no issue about what her property was. Neither she nor Ameriquest thought it was anything other than Lot 8 at the specific address that was listed and at which she had lived before and at which she continued to live after. There's no ambiguity at all about the party's intention in this case. That is true. So somebody goofed. Either Ameriquest's scrivener goofed. Well, that's the most likely goof. They just didn't put it in. So what else, why does one have reformation as a doctrine except to deal with something like this? Well, because the Washington case is specifically a deal where you cannot reform it if you don't have any description, regardless of mutual intent. And in this case, there was no description in the property. I mean, at the time she signed. At the time that she signed. At the time she signed the refinancing documents. There was no description in the document. She says there was no description in the deed of trust. That's correct. And there's no evidence contrary to that. And that is the first part of it. And there's no question in my mind that if Ameriquest had discovered what they believed to be the error, and I'm sure it was their error, had decided to, one, ask her to sign new documents, and she didn't bring an action either to reform or to require her as a mandatory injunction to sign a security agreement, they could have. But instead, they did self-help and put the wrong description on it, and then went ahead and foreclosed it. However, they actually foreclosed. They had no right to foreclose on Lot 8. And so the other part of the problem is, is that for it to have a fair sale, the Recording Act goes both ways. It puts buyers on notice as well as sellers. But buyers on notice, anybody who would buy at that auction would realize that the trustee has no authority in this case to sell that property. He has no deed of trust to them. Anybody who checks the title record, no one can get title insurance or anything off that. And so the question is, even if the Court could reform it, how could they – how could they, in fact, ratify or reform a sale that was invalid on its face? Roberts, when do you contend that they resorted to self-help to insert the proper legal description of the property in the deed of trust? Did you say when, sir? Yeah. At what point do you contend they did that? We don't know exactly. They must have, because somebody attached the description. Certainly, Mrs. Hallis did not attach the description. So at some point before it was recorded, it was attached. But the documents that my clients obtained did not have any description on it at all. And that's the only – and there was no evidence to controvert that. So, again, they could have – they could have had the – they should never have had the sale. The sale should not have been ratified, which brings up the other – one of the other claims, which is the Tiller rescission right. Can the – we have two sets of rights here. We have the State foreclosure laws, and then we have the Federal remedial acts that are incorporated into Tiller. And, again, Judge Hubel, Magistrate Hubel found that there was no valid deed of trust, that there was not a description in it, and it's only after it was reformed. Yeah. All of which she could have squawked about before the foreclosure, right? Well, but should she have? I mean, that was one of the questions. Well, I mean, isn't that when you're supposed to assert an objection, when you've given notice that it's going to go down, and shouldn't you point out why it shouldn't before it does? Well, as she testified to in her affidavit, she read up on the Internet and found out they're supposed to have descriptions. She got a copy of her deed and found out that they did not have a trust deed. It did not have a valid trust deed. Well. So what was her – what was there to stop? I mean, granted, you know, she's not an attorney. Well, she could have said that. Pardon? She could have said that, couldn't she? Well, she said she contacted AmeriCorps. Well, I know, but I mean, the point is, don't – hasn't she basically waived any objection to the proceeding when she doesn't assert it? Well, there are some onerous Washington Supreme Court cases which have some vigorous dissent in it, which basically indicate in most cases if you do not stop – but not in all cases. If you don't stop it, then you have waived it. But those are all cases where there has been a valid deed of trust with a property description. Basically, if this case were to stand and become the rule, a person could at any time start a foreclosure of property that they don't have a deed of trust, and if that party does not object, then according to the law as proposed by the defendants, then they would have a valid sale because the people didn't object. And so it's hard to see how that would cut it off. We have the other issues, which I didn't want to totally abandon either, and that is the issue of the – and this is a strange issue of the Unlawful Trade Practices Act, which is an Oregon statutory claim which the judge found and counsel argues that somehow the House waived. Counsel admits in the brief that we never waived that at oral argument. He admits that – or in the transcript, it clearly states that I said that the parties agree that the Oregon Unlawful Debt Collection Practices Act does not apply, and that is why we have the Federal law, because all the collection activity occurred in the State of Oregon. Counsel asserts in a footnote that I must have misspoke, and therefore when I misspoke, I must have said something else which would have waived. What's the basis for your Federal Unfair Debt Collection Practices Act claim? That the trustee, the – although the trustee might be able to claim that he has some way of getting around, I mean, some technical issue after this Reformation, at the time, he had no authority. He had no ability to foreclose that property. I mean, are you – let me see if I can digest that again. Is it your contention that under the FDCA, the Federal Debt Fair Collection Practices Act, that assuming for a moment, assuming that there's a violation of that act, that that somehow or other can go – you can rely upon that to go back and undo the transaction? No, I do not. You could only get damages. You can only get damages, correct? That's correct. Okay. So my question was what is the basis for the – your alleged violation of the Federal Fair Debt Collection Practices Act? The Federal Debt Collection Practices prevents parties from taking certain acts that they're not allowed to take. I understand that. But I'm asking you, what is the alleged violation? He basically recorded documents and foreclosed the property by deeding my client's property away and threatening to deed the property away when he did not have authority to do so. It did not have authority to do so. Okay. So which provision of the Fair Debt Collection Practices Act? I couldn't say without looking back at my brief, but I know you cannot take – it's taking an action which they're not entitled to take. And, of course, if you're saying that the Court rules that he can perfectly foreclose a deed of trust that does not have that particular property in it, then I guess we would be wrong. But essentially foreclosing a deed of trust, they did not have a right to foreclose, and that would be it. Well, we did have an additional one. And that was the other claim where they purported to – and this may be more to the breach of fiduciary duty and breach of contract claim – where they deeded to Deutsche Bank, where, one, we showed – I think the evidence was that the title company was not a proper trustee in the State of Washington. There was no such entity existed. They only offered evidence that they said there was a registry with the insurance company, which does not necessarily – that's not generally how corporations prove, they insist – that they deeded to Deutsche Bank, even though Deutsche Bank never paid for it. There's no evidence that Deutsche Bank bid. That's what trustee says they bid and paid for it. The magistrate judge said that Deutsche Bank could bid their debt. However, Deutsche Bank wasn't the beneficiary and, therefore, couldn't bid the debt. Let me ask you one thing. On the heart of your – of your FD – the Federal Debt Collection Act's claim, assuming we were to agree that reformation was proper here, does that mean the heart of your Federal Debt Collection Practices Act claim goes away? No, I don't believe it. I don't – just because somebody – somebody does an illegal act, you've got to ratify it. Well, then, you know, if it's reformed and your claim is that, well, they – they foreclosed on something they didn't own, well, we've taken – that's been taken care of by the reformation. So then what's left of your Fair Debt Collection Practices Act? But the reformation is brought by the – by the beneficiary for equitable things for the beneficiary, not to protect the trustee who otherwise may screw up on the foreclosure. I mean, the fact that the beneficiary can get a court to give them a remedy of reformation after the fact does not ratify or make the act any less onerous or illegal by the trustee. I mean, it would be any – any action that – any type of security creditor who uses self-help and maybe tows a car in the middle of the night or whatever, maybe that person should be punished. But the fact that the beneficiary of that basically gets some order that basically says they're entitled to recover the vehicle, that doesn't make the act any less wrong. Thank you. I thank you. Mr. Jacobson. May it please the Court. My name is David Jacobson. I'm the attorney for Ameriquest and the other appellees in the case. As I think the Court indicated with some of its questions, this is a very simple case. Ameriquest and Ms. Hallis entered into a – an agreement to refinance her property. The property at issue was, in the legal description, Lot 8. There's absolutely no dispute about that. It's evident in the allegations in the complaint and it's been admitted manifold times in – in this litigation before the trial court. There simply isn't any dispute and I think – I think that's been reaffirmed today. In Washington, under Washington law, where parties have an identical intention at the time they enter into a transaction and the document they use to memorialize that transaction doesn't express their intention, reformation is proper. We've cited to – to many cases for that principle. It's stated in the Real Property Deskbook in Washington, which says it clearly, there is no mistake – where there is no mistake as to the identity of the property but merely a misdescription of it in the written agreement by mutual mistake, reformation is proper. The Tenko case, which we cite too, says more or less the same thing. Quote, if the intentions of the parties is identical at the time of the transaction and the written agreement does not express that intention, then a mutual mistake has occurred. That's the core of this case. The core factual predicate of the case was the error, which, you know, we admit obviously was a mistake. It was a mistake by one numeral, Lot 9 as opposed to Lot 8. Once reformation is effected, and it's properly effected under Washington law, once it's – once it has been effected as the trial court has done, every claim in this case disappears, including the FDCPA. How does that disappear? The FDCPA claim disappears because, as I think, again, was reaffirmed today, the allegation is that in virtue of the error in the legal description and the deed of trust, the foreclosure sale was invalid and the trustee couldn't go forward with it. That is allegedly the violation of the fair debt collection practice. They actually alleged other violations in the complaint. I'm not – well, there are two reasons why that goes away. And I recognize that the reformation of the deed doesn't deal with every single allegation that's made in this case. I mean, clearly it doesn't. It doesn't deal principally with the TILA claim, which I'll talk about in a minute. But it does deal with the fundamental predicate of the case, and I think that's worth noting. I think it resolves the question with respect to the Unlawful – the Unfair Trade Practices Act, which is, in any event, not cognizable in this case because this case is controlled by Washington law. That is not disputed and wasn't disputed before Magistrate Judge Hubel. And even if it were disputed still, it was the right decision. Washington law does control. There was a choice law provision. So the reformation would resolve that claim anyway because it's based, again, it was an unfair act presumably because of the lack of authority as a result of the error. It resolves the declaratory judgment claim plainly. I would submit that at least for the most part, and I'm not certain what allegations Your Honor has in mind, but for the most part, I think the allegation about the FDCPA is that because of this error, the foreclosure was wrong. That's resolved by reformation, at least for the most part. I think under the FDC, the Deferred Debt Collection Practices Act, you could only get damages. Okay. But you have to have a violation, and I think the violation itself is resolved by the reformation. And there are no damages anyway here, and that's another thing to consider. But was there any evidence adduced at the summary judgment stage, never mind what was in the pleadings, about any violation of the Federal Act other than the foreclosure? Not that I'm, as I say, I don't believe there was. And again, we have, what I haven't said so far is the second, or the two more bases with respect to the FDCPA, as the trial judge has found in the Hulse case and is broadly supported across the country. There are distinguishable cases, but no contrary cases. Foreclosure property is not a collection of a debt within the meaning of the Fair Debt Collection Practices Act. It's an action on the basis of a security interest, not a collection of a debt. Cases should be dismissed and was properly dismissed on that basis as well. And then, as I'll get to in a minute, all of these claims, every single one in the case, even separate from reformation, should be dismissed because they weren't brought before the foreclosure sale itself and therefore were waived. But jumping back now to the reformation, reformation was proper here. I think the principal argument that I heard today about reformation was twofold, and I want to respond to both of them because neither of them has merit. The first was that the reformation should not have been carried out after the foreclosure sale. The Rogers case, Oregon Supreme Court case, is directly on point and directly contrary. It is also consistent with cases in other states which have found in every instance that, or not in every instance, but where it's relevant, where the facts are relevant, has found that courts can reform and should reform documents, contracts, deeds of trust after a foreclosure sale if, in fact, the intentions of the party are identical and their intentions were to convey property that was not conveyed or at least where there was a mistake or an error in the documents. So there is no basis for claiming that the document could not be reformed after the foreclosure sale. The other argument I heard today was that the document can't be reformed in this instance because the legal description was entirely left out. Well, first of all, there is evidence in the record, and I would concede that probably rises to a question of fact, although, frankly, I'm not sure it does. The deed of trust itself says, and is initialed by Ms. Hallis, saying a legal description is attached. The suggestion that there's nothing in the record indicating that a legal description was attached at the time of the execution of the document is just untrue. Ms. Hallis initialed the document saying a legal description is attached here, too. Moreover, when Ms. Hallis filed this complaint, she filed it with the document attached, with the deed of trust attached, and the legal description was there. Does that rise to a judicial admission that the legal description was attached? Probably not. But it's certainly evidence supporting the contention that the legal description was attached at the time of the transaction. It's also noteworthy, I think, that this is not, to my recollection, I believe I'm correct, this is not an allegation that entered into this case until sometime really subsequent to the discussion about whether reformation is proper. So there is at least a good deal of very compelling evidence that the legal description was there at the time of the transaction. Whether it was or wasn't, reformation is guided and governed not by the time you discover an error or by the nature of the error. It's governed by the intentions of the parties. Here the intentions of the parties were to convey a security interest in Lot 8, attach a legal description. We know that's what they intended because she initialed the page saying it was there. Their intentions were to attach the legal description that would be correct. If they failed to do that, they failed to do that by mistake. And again, this is what Judge Hubel found. They did so by mistake. And that, too, can be reformed. Key design is a relevant case on that. It's a case that addresses exactly this situation where a preprinted deed of trust was executed and provided the place for a legal description. It was entirely left out. Nonetheless, the court went forward with an analysis of reformation and ultimately decided it wasn't appropriate because the intentions of the parties weren't shared but did consider reformation under those circumstances. So as I say, with respect to the question of reformation, the trial court was absolutely correct to reform the document. And once reformed, it resolves in every respect the factual issues in the case and in most respects the claims themselves. Now, moving on to the second avenue, as it were, by which the court can affirm the claim and resolve this case, and that's waiver. It came up in your questions to Mr. Slominski. It's appropriate for it to have done so. In the Krugel case, which we cite, the court says, the Washington court again says, waiver is proper, quote, whenever the party, one, received notice of the right to enjoin the trustee's sale, no question that Ms. Alice got notice of the right to enjoin the trustee's sale. It was printed in bold print in the notices of foreclosure. Two, had actual or constructive knowledge of a defense to foreclosure prior to the sale. Again, I'll move through them in a minute, but every one of these claims could have been a defense to the foreclosure. Most of all, the error that she and she alone was indisputably aware of prior to the foreclosure sale. And three, failed to bring an action to enjoin the sale. Now, this is another basis on which the court can affirm the trial court's decision because, again, everything in this lawsuit was known in advance. And it's worth emphasizing again, inner allegations, Ms. Alice in the complaint, Ms. Alice admitted. She knew about this error right out of the box. She alone knew about it. There is no evidence in this record apart from Ms. Alice's declaration where she says, somewhat ambiguously, by the way, if you look at the language of the declaration, but appears to be saying, I told someone at AmeriQuest about it. Beyond that, I am not aware of any evidence in the record that AmeriQuest was even aware of this until the lawsuit was filed. But we do know with certainty that Ms. Alice was aware of it, and that's what's relevant for the waiver argument, and she failed to take any action. To run through the claims here, certainly the Truth in Lending Act claims are waived without even addressing them on their merits. They are waived because she had to know that, as she contends, she hadn't gotten the disclosures as she was supposed to at the time of her transaction. Now, interestingly, I believe I heard counsel today say that the documents she did get at the transaction didn't include the legal description, which suggests there would be a genuine reason to question whether the TILA claim would survive on the facts. But we don't have to get that far because it's waived. I think I'll digress a minute into another basis for dismissing the TILA claim so I don't have to come back to it. Even if it weren't waived, statute of limitations passed on it. And on the rescission claim, to be sure, there's a three-year statute of limitations, remembering now that the transaction at issue was November 2002 and the complaint was filed March 2004. Truth in Lending Act has a one-year statute of limitations, and it passed, obviously, by the time the complaint was filed. Now, to be sure, a rescission claim has a three-year statute of limitations, but we cite the statute, which provides that it's cut off by the foreclosure sale. The only argument that plaintiff, or rather Ms. Howlis, has is that the foreclosure sale was void, but of course that's been corrected by the Reformation and also by the waiver argument. So the Truth in Lending Act claim is not only – is also – not only waived, but also should have been properly dismissed for that reason. Unlawful Trade Practices Act, same thing as one-year statute of limitations, same thing. And I can run through each of these. We've talked about – excuse me. I'm pretty familiar with the points you made there. Let me just ask you one question on the waiver. How does the waiver affect the Federal Fair Debt Collection Practices Act? Why does that – why is there a waiver of that claim? Well, in so far as – I think it affects it in exactly the same way. In so far – You can only get damages under the Fair Debt Collection Practices Act. And maybe I'm missing Your Honor's point, but I don't see why, whether it's a damages claim or some other claim, whether the remedy is damages or something else. You waive a claim if you have any proper grounds for bringing it prior to foreclosure and fail to do so. How could that possibly preclude the Federal Act? Well, if it's based on actions in the foreclosure, as it is. She was aware of these actions. And I believe she can't – are you suggesting she can't waive a Federal claim? Well, the Fair Debt Collection Practices Act doesn't – you know, a violation won't invalidate the underlying transaction, the underlying debt. Well, that's all right. But I think, you know, you also waived claims that would result in money damages. For instance, the fraud claim in the Casper case, which we cited in the complaint, could have resulted – I suppose it could have resulted in an unwinding of the deal, but it could also have resulted in damages on the basis of the alleged fraudulent appraisal of the property's value. It was still waived by the court. So I may be missing something here, but I don't see that the remedy that's available has any effect on the waiver. All right. And in any event, under Hulse, it's not a cognizable claim. Okay. Slander and clout on title, we've talked – there's no need to talk about it. There's no dispute that those are resolved. And finally, the breach of contract, it really derives, again, from the allegations of improper foreclosure in virtue of the error. And that's corrected by reform. It's waived. It waived for all those reasons. And then the TILA action is another basis for it. But, again, the statute of limitations precludes that, and therefore under cuts I think any breach of contract claim. And, again, the breach of contract would be waived because those were known in advance. I want to finish off with just one thought, and then, of course, I'll take any questions that the Court may have, with regard to the motion to amend. Within the sound discretion of the Court to do this, there's clearly no manifest abuse in denying the motion to amend. But I think the pertinent point here is that the basis on which amendment was sought was alleged breach of fiduciary duty that would fail for all the reasons that we've talked about already in every respect except two. And here I think the trial court's decision was really very acute in identifying the two slender allegations that had to be considered that would not have been otherwise waived. They are one of them is the whether or not Fidelity had authority to carry out the sale, and the other is whether or not Deutsche Bank actually paid for the property properly. We presented evidence to the trial court. I don't believe the first of those is even in dispute any longer on this appeal. I don't think so, but in the event it is, we presented evidence showing that Fidelity, the national title company of Washington, the assignee to the as trustee, certainly was authorized to carry out what it did in the State of Washington. The second concerns whether or not Deutsche Bank paid. And here, we explained this in our briefing. I think the Court's probably well aware of what happened, but just to be certain, Ameriquest as beneficiary submitted bidding instructions to bid up to the value of the debt that was owed to it, and to have the property revert in the event that there was no higher bid. That's what happened. And in the instructions, Ameriquest also said to convey the property to Deutsche Bank in the event of reversion. All of that is provided for under Washington statute. All of it was appropriate, and all of it is documented in the record that you have before you. If the Court has any questions, I'd be happy to answer them. I don't think so. Thank you. Thank you very much. Mr. Slominski. Thank you, Your Honor. I think I'll just address that last question last because or first. The problem with the comment about Deutsche Bank and the statement that Ameriquest as a beneficiary said bid our debt and then deed to Deutsche Bank as our investor is that flies in the face of the deed. And so they actually have a deed recorded that does not say that. It said Deutsche Bank was the successful bidder. And it's only when we challenge that, because we knew full well Deutsche Bank wasn't did not bid and Deutsche Bank did not pay any money, they now come up with this theory after the deed has been recorded, and they never corrected that, that the beneficiary, which was Ameriquest, actually bid their debt. And Judge the Magistrate Judge Apparent didn't buy that either because he found that Deutsche Bank bid its debt, which would have required Deutsche Bank to be the beneficiary. The defendants are trying to make a proven impossibility. They admit that Ameriquest was a beneficiary, and they seem to be arguing that Ameriquest bid, yet the deed itself said it was Deutsche Bank that bid, and that's what Judge Hubel found, even though there's no evidence to support that. With respect, again, to these waiver clauses, certainly the failure to object to the foreclosure would not waive any claims under the Oregon Unlawful Trade Practices Act, which basically encompasses the violations of TILA done in Oregon. This loan was solicited from and originated in and signed in the state of Oregon, even though it covered property. So certainly there is no waiver there. Likewise, with the Fair Debt Collection Practices Act, I don't believe there's nothing in state law that would require a party to waive or be able to waive a federal right that's been granted to them. I know we have a number of disputes here, but first of all, getting back to probably one of the key issues, I think the issue of the reformation and reforming is an interesting one. And I can easily see how a court certainly would grant reformation, and I can see how they would have granted it had they done so before. But the trustee in this case went ahead, knowing he had an invalid deed of trust, and completes a foreclosure and deeds Mrs. Hallis' property away. The sale that actually took place did not exist. That's also why we brought up the Deutsche Bank issue, because if they didn't bid and they didn't buy the property, there never was a completed sale. And basically, what that deed should be set aside. Maybe not call it a sale, but it's a non-sale. Basically, they pulled some kind of a scam here, and we should have our day in court. Thank you, Your Honor. All right. Thank you, counsel. Both of you, the matter just argued will be submitted. And we'll next hear argument in Kiefer.
judges: Rymer, Nelson, Paez